UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      No. 2:11-cr-00365-1-GEB

        Plaintiff,

   v.                 **ORDER**

JOSE JESUS AGUILAR MADRIZ,

        Defendant.

On June 27, 2016, Defendant Jose Jesus Aguilar Madriz ("Defendant") filed a motion for reduction of his sentence under the United States Supreme Court decision in Johnson v. United States, ECF No. 368. Further, on April 17, 2017, Defendant filed a motion for reduction of his sentence under 18 U.S.C. § 3582 and Amendment 782, ECF No. 371.

The United States of America was directed to file a written response to Defendant's motions. The United States filed an opposition to each motion on May 15, 2017. Pl.'s Opp'n, ECF No. 375.

Defendant argues he "is eligible for reduction of his sentence by retroactive application of Amendment 782 to [his] drug offense pursuant to 18 U.S.C. § 3582(c) and policy Statement § 1B1.10 as amended. Defendant's Guidelines range drops based [on] Defendant['s] criminal history category 1." Def.'s Mot. for Sent. Reduction 1:21-24, ECF No. 371. The United States

1

counters arguing:

      This Court held a sentencing hearing on March 14, 2014. Docket No. 316. During the sentencing hearing, the Court found an offense level of 35, criminal history category I, and a guideline range of 168 to 210 months in prison. Docket No. 319, Judgment and Commitment Order, Statement of Reasons, at 1. Importantly, the Court varied downward from the guideline range consistent with the parties' plea agreement and imposed a sentence of 120 months in prison. Docket No. 319, Judgment and Commitment Order, at page 2.

      The defendant's motion seeks a reduction in his sentence based upon the Sentencing Commission's passage of Amendment 782, which became effective November 1, 2014. That Amendment generally revised the Drug Quantity Table in U.S.S.G. § 2D1.1 downward by two levels. The Sentencing Commission further provided that Amendment 782 would apply retroactively to previously-sentenced defendants. See U.S.S.G. §§ 1B1.10(d), (e)(1).

    . . . .

    . . . At the original sentencing [on March 14, 2014], the Court found defendant responsible for 1,236 kilograms of marijuana. PSR ¶ 43. After Amendment 782, this amount of marijuana results in a base offense level 30 (as opposed to 32 during the original sentencing). U.S.S.G. § 2D1.1(c)(5) (establishing base offense level 30 for crimes involving between 1,000 kilograms and 3,000 kilograms of marijuana). After application of the same specific offense characteristics applied at the original sentencing (a 2-level increase for a firearm and a 4-level increase for leadership) as well as the reduction applied during the original sentencing (a 3-level reduction for acceptance of responsibility), defendant's total offense now is 33, criminal history category I, with a resulting guideline range of 135 to 168 months in prison. United States v. Ornelas, 825 F.3d 548, 550 (9th Cir. 2016). Pursuant to § 1B1.10(b)(2)(A), the Court has no authority to reduce this defendant's sentence to less than 135 months because that is the low-end of his amended

guideline range. In other words, reducing
this defendant's sentence is inconsistent
with § 1B1.10 because his original sentence
of 120 months in prison is lower than the
low-end of defendant's amended guideline
range. Defendant is therefore ineligible for
relief under § 3582 . . . .

Pl.'s Opp'n, 2:15-27, 3:15-4:1.

The United States is correct. Therefore, this portion
of Defendant's motion is denied.

The United States also opposes Defendant's sentence
reduction motion under Johnson v. United States, 135 S. Ct. 2251
(2015), arguing:

In Johnson, the Supreme Court held that the
residual clause of the Armed Career Criminal
Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii),
was unconstitutionally vague because its
application was too "wide-ranging" and
"indeterminate." Johnson, 135 S. Ct. at 2557.
This defendant's sentence was not reliant
upon the residual clause of ACCA. Instead, he
was sentenced for a drug trafficking crime
and his guideline range was controlled by
U.S.S.G. § 2D1.1. PSR ¶ 43.

Pl.'s Opp'n, 4:6-10. The United States is correct. Therefore,
Defendant's motion under Johnson is denied.

Dated: May 26, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3